# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

**ROGELIO FLORES,**

      **Plaintiff,**

**v.**                                      **Civil Action No. _____**

**CAPITAL YACHT CHARTERS, LLC,**
**JOHNNIE OSBORNE,**
**CARLTON ERIC GRIFFIN,**
**ELIZABETH E. ROSE, and**
**ERIC A. SLAUGHTER, individually and as**
**Successors in interest of Capital Yacht Charters, LLC,**
*in personam*, **and**
**M/Y FINISHED BUSINESS, her engines, gear,**
**and appurtenances,** *in rem,*

      **Defendants.**

## COMPLAINT

Rogelio Flores, by counsel, hereby moves the Court for a judgment, award and execution against **Capital Yacht Charters, LLC**, a limited liability company, together with its successors and assigns, *in personam*; **Johnnie Osborne**, **Carlton Eric Griffin, Elizabeth E. Rose** and **Eric A. Slaughter**, individually and as members, governors, owners, and successors in interest or assigns of Capital Yacht Charters, LLC, as well as any other members, governors, owners, and successors in interest or assigns of Capital Yacht Charters, LLC, *in personam*; and the motor yacht **FINISHED BUSINESS**, her engines, gear and

vessel appurtenances, *in rem;* ("Defendants") for compensatory damages, together with interest and costs incident to this proceeding for the reasons set forth below.

## GENERAL FACTUAL

1.   Plaintiff, Rogelio Flores ("Plaintiff") is an American Seaman who brings and maintains this action under the Jones Act 46 U.S.C. §§30104, 30105, and 30106 (formerly 46 U.S.C. §688, 41 Stat. 1007 (1920)), and pursuant to the General Maritime Law, Article III, Section 2 of the Constitution of the United States, and §1916 of the Judicial Code, 28 U.S.C. §1916, and the laws of the Commonwealth of Virginia and the laws or ordinances of Washington, D.C., as they may apply.

2.   Defendant, Capital Yacht Charters, LLC was a limited liability company organized under the laws of Washington, D.C. whose existence was dissolved by Washington D.C. subsequent to the events which form the basis of this claim.  Such dissolution was without notice to Plaintiff in spite of the fact Capital Yacht Charters, LLC was on notice of Plaintiff's claim.  This action to enforce Plaintiff's claim against Capital Yacht Charters, LLC is commenced less than three years following the date of dissolution.

3.   At all times pertinent to this lawsuit, Capital Yacht Charters, LLC regularly conducted business in the Commonwealth of Virginia and in the City of Alexandria.  Accordingly, Defendant Capital Yacht Charters, LLC is subject to and within the jurisdiction and venue of this court.

4.   Upon information and belief, Defendants Johnnie Osborne, Carlton Eric Griffin, Elizabeth E. Rose and Eric A. Slaughter were members, governors or owners of Capital Yacht

Charters, LLC and thereby are successors in interest to the rights and duties of Capital Yacht Charters, LLC.

5. At the time of Plaintiff's injury, Defendant Capital Yacht Charters, LLC owned, owned pro *hac vice*, operated, manned, managed, chartered, leased, operated, crewed, controlled and maintained in commercial navigation as a tour boat the motor yacht FINISHED BUSINESS ("FINISHED BUSINESS" or the "Vessel.")

6. Defendant Vessel, FINISHED BUSINESS, is a motor yacht having an official number 512881 assigned by the United States Coast Guard Documentation Officer, has various engines, gear, and other vessel appurtenances, and, upon information and belief, is or should be in this District during the pendency of this civil action.

7. Subsequent to the incident which gave rise to Plaintiff's claim, Capital Yacht Charters, LLC transferred title to the Vessel to Defendant Elizabeth E. Rose who in turn transferred title to Defendant Eric A. Slaughter.

8. Defendant Eric A. Slaughter is the current registered owner of the Vessel and was master of the Vessel at the time of the incident which forms the basis of Plaintiff's claim.

9. At all times material to this Complaint, Plaintiff was employed by Capital Yacht Charters, LLC as a seaman and member of the crew of the Vessel.

10. At all times material to this Complaint, FINISHED BUSINESS was an American flagged vessel in navigation upon the navigable waters of the United States, in trade as a passenger carrying tour boat on the waters in or surrounding the District of Columbia, the

navigable water of the Commonwealth of Virginia and the navigable water of the State of Maryland.

11.   On or about September 8, 2014, Plaintiff was working as a deckhand in the course and scope of his employment aboard and in the active service of the Vessel during a trip between the City of Alexandria, Virginia and Washington, D. C.

12.   The Vessel approached the pier at in Washington, D. C. at a rapid pace and Plaintiff was ordered to assist in line handling and securing the Vessel to the dock.

13.   The Vessel operator was operating the Vessel at a high rate of speed at the time of the approach and acted with reckless disregard of the safety of Plaintiff and others aboard the Vessel.

14.   While Plaintiff proceeded to secure the spring line as ordered, the line suddenly without warning snapped tightly.

15.   The rapid snap of the line caused Plaintiff to lose a portion of the end of the middle finger of his left hand and caused an open fracture of the distal phalanx of his left middle finger.

16.   As a result of the incident, Plaintiff suffered serious injury which rendered him unable to work at his calling and caused him injuries from which he shall never recover.

17.   As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including permanent impairment and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctors' expenses and expenses of other health care providers and will continue to do so in the future; Plaintiff suffered great pain and

suffering, anxiety and mental distress, extreme inconvenience, and loss of quality of life, and will continue to do so in the future; Plaintiff suffered loss of wages due to the injury and will continue to do so in the future, and suffered loss of earning capacity; and loss of found.

18.   Plaintiff's injury and damages were proximately caused by the negligence of the Defendants and the unseaworthiness of the Vessel, for which Defendants are responsible jointly and severally.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

19.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint numbered above with the same force and effect as if they were specifically set forth at length herein.

20.   Defendant, through its agents, servants and/or employees, was negligent for the following reasons:

a.     Failure to execute a safe and proper approach to docking at a reasonable and appropriate speed;

b.     Failure to warn the Plaintiff of the dangerous, unsafe and unseaworthy condition;

c.     Failure to provide adequate equipment and Vessel appurtenances;

d.     Failure to provide a safe place in which to work;

e.     Failure to insure the proper maintenance of the vessel, equipment and appurtenances so as to eliminate the risk of injury to employees;

*Rogelio Flores v. Capital Yacht Charters, Inc.*
*Complaint*

f.      Failure to provide adequate training to its employees;

g.      Failure to establish appropriate policies and procedures concerning approach to docking and concerning ship and line handling under the conditions which existed at the time of Plaintiff's injury;

h.      Failure to provide equipment and vessel appurtenances which were fit for their intended use;

i.      Failure to supervise employees;

j.      Failure to provide a competent master and crew; and

k.      And other particulars as may be discovered during the discovery processes of this action.

21.   Plaintiff's injury was through no fault, negligence, or carelessness on his part, and was wholly caused by the negligence of the Defendants, their respective officers, supervisors, agents, servants and/or employees acting within the scope of their employment.

22.   As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including permanent impairment and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctors' expenses and expenses of other health care providers and will continue to do so in the future; Plaintiff suffered great pain and suffering, anxiety and mental distress, extreme inconvenience, and loss of quality of life, and will continue to do so in the future; Plaintiff suffered loss of wages due to the injury and will continue to do so in the future, and suffered loss of earning capacity; and loss of found.

23.   This cause of action is brought under the Jones Act.

*Rogelio Flores v. Capital Yacht Charters, Inc.*
*Complaint*

## SECOND CAUSE OF ACTION
## UNSEAWORTHINESS

24.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint above with the same force and effect as if they were more fully set forth at length herein.

25.    As owner, owner *pro hac vice*, and operator of UNFINISHED BUSINESS, Defendants owed to the Plaintiff an absolute and non-delegable duty under the general maritime law of the United States, to provide Plaintiff with a safe place to work and to furnish a safe, seaworthy vessel, appurtenances, equipment and personnel.

26.    Notwithstanding these duties and warranties, defendants breached their above-mentioned duties by failing to provide plaintiff with a safe place to work, seaworthy vessel, appurtenances, equipment and personnel by virtue of the conditions, defects and hazards which existed aboard FINISHED BUSINESS at the time of his injury, as more fully described in Paragraph 20 of this Complaint.

27.    The Vessel operated a rapid and unsafe approach to mooring dockside and was unable to reduce speed such that engaging the Vessel's spring line became dangerous and not safely operable, rendering the Vessel and its appurtenances unseaworthy.

28.    Defendants failed to provide the Plaintiff with a competent master and crew to operate the Vessel in a safe manner thereby rendering the Vessel unseaworthy.

29.    The injury suffered by the Plaintiff was due to no fault of his own but was caused by the unseaworthiness of the Vessel.

*Rogelio Flores v. Capital Yacht Charters, Inc.*
*Complaint*

30. As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including permanent impairment and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctors' expenses and expenses of other health care providers and will continue to do so in the future; Plaintiff suffered great pain and suffering, anxiety and mental distress, extreme inconvenience, and loss of quality of life, and will continue to do so in the future; Plaintiff suffered loss of wages due to the injury and will continue to do so in the future, and suffered loss of earning capacity; and loss of found.

31. This cause of action for unseaworthiness is brought under the general maritime law of the United States.

## THIRD CAUSE OF ACTION
## MAINTENANCE AND CURE

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint above with the same force and effect as if they were more fully set forth at length herein.

33. This is a claim for maintenance and cure, to the extent maintenance and cure is not already paid, and for attorney's fees and costs for having to seek collection of maintenance and cure.

34. The Plaintiff was injured aboard and in the service of the Vessel while employed as a seaman and a member of its crew.

35. Pursuant to maritime law, Plaintiff is entitled to collect and Defendant is obligated to investigate and pay when due maintenance and cure. Defendants failed in their duty to pay all maintenance and cure due and owed to Plaintiff.

36. Furthermore, Plaintiff is entitled to collect and Defendant is obligated to pay Plaintiff's reasonable attorney's fees for cost of collection of unpaid maintenance and cure as it becomes due.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment be entered against Defendant Capital Yacht Charters, LLC, Johnnie Osborne, Carlton Eric Griffin, Elizabeth E. Rose and Eric A. Slaughter, jointly and severally, *in personam*, as follows:

a. The sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) as compensatory damages;

b. Reasonable maintenance and cure to be determined by the Court as just and proper, as provided by general maritime law, plus interest and costs of this action;

c. Reasonable attorney's fees for collection of unpaid reasonable maintenance and cure;

d. Interest on all sums beginning the date of the injury until paid in full;

e. Reimbursement of all costs of this action; and

f. All general and equitable relief which this court can afford the Plaintiff.

Plaintiff demands a jury on all triable issues, including Jones Act negligence, unseaworthiness, and maintenance and cure and their remedies.

**Furthermore**, Plaintiff demands that the court sitting in admiralty enter judgment against M/Y FINISHED BUSINESS *in rem*; (2) that process in due form of law according to the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime claims issue against M/Y FINISHED BUSINESS, engines, gear, and other vessel appurtenances, etc., *in rem,* citing all persons having or claiming any interest in the vessel to appear and answer all and singular the matters aforesaid; (3) that Plaintiff's maritime lien against M/Y FINISHED BUSINESS be recognized and enforced and paid with priority over all other claims and or intervenors; (5) that Plaintiff be awarded all costs, pre-judgment and post-judgment interest and any further relief as justice may require.

**ROGELIO FLORES**

By: /s/ Deborah C. Waters
Deborah C. Waters, Esquire
Virginia State Bar #28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
150 Boush Street
Norfolk, Virginia 23510
757-446-1438 *Telephone*
757-446-1438 *Facsimile*
dwaters@waterslawva.com

*Counsel for Plaintiff*

*Rogelio Flores v. Capital Yacht Charters, Inc.*
*Complaint*

*Page **10** of **10***
